UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY T. REGNIER, GRETA KERANEN, KEE FIREARMS AND TRAINING LLC, and KEE CONSTRUCTION | ) ) ) ) ) | |
| v. | ) ) | Case No. 2025CV271 |
| CAYLA COLEMAN, WILL COUNTY SHERIFF, 2022 FORD BRONCO VIN:FMEE5DP6NLB01573, 2021 FORD BRONCO VIN:FMEDE5BH8MLB06084, 2021 AUDI RS Q8 VIN: WU1ARBF15MD022969, 2022 FORD F250 VIN:1FT7W2BT4NEF77351, UNITED STATES CURRENCY $1,257, FIDELITY INVESTMENT ACCOUNT ENDING IN 099245 AND/OR UNITED STATES CURRENCY DERIVED THEREOF FIDELITY INVESTMENT ACCOUNT ENDING IN 076532, AND/OR UNITED STATES CURRENCY DERIVED THEREOF FIDELITY INVESTMENT ACCOUNT ENDING IN 074010, AND/OR UNITED STATES CURRENCY DERIVED THEREOF UNKNOWN JOHN AND JANE DOE AGENTS OF UNITED STATES SECRET SERVICE UNKNOWN JOHN AND JANE DOE AGENTS OF WILL COUNTY SHERIFF | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## <u>COMPLAINT</u>

Now come the Plaintiffs, JEFFREY T. REGNIER, GRETA KERANEN, KEE FIREARMS

AND TRAINING LLC, and KEE CONSTRUCTION, by and through their attorneys, Michael

Ettinger and Alexander Michael of Michael D. Ettinger and Associates P.C., and hereby

complain of Defendants, CAYLA COLEMAN, WILL COUNTY SHERIFF, 2022 FORD

BRONCO VIN:FMEE5DP6NLB01573, 2021 FORD BRONCO VIN:FMEDE5BH8MLB06084, 2021 AUDI RS Q8    VIN: WU1ARBF15MD022969, 2022 FORD F250 VIN:1FT7W2BT4NEF77351, UNITED STATES CURRENCY $1,257, FIDELITY INVESTMENT ACCOUNT ENDING IN 099245 AND/OR UNITED STATES CURRENCY DERIVED THEREOF, FIDELITY INVESTMENT ACCOUNT ENDING IN 076532 AND/OR UNITED STATES CURRENCY DERIVED THEREOF, FIDELITY INVESTMENT ACCOUNT ENDING IN 074010 AND/OR UNITED STATES CURRENCY DERIVED THEREOF, UNKNOWN JOHN AND JANE DOE AGENTS OF UNITED STATES SECRET SERVICE, UNKNOWN JOHN AND JANE DOE AGENTS OF WILL COUNTY SHERIFF. In support of such Complaint, Plaintiff hereby alleges as follows:

## JURISDICTION AND VENUE

1.   This action arises under 42 U.S.C. §§ 1983 in which law enforcement agents acted, under color of law, to deprive Plaintiffs, among many others, of their constitutional rights under the fourth, eighth, and fourteenth amendment, using the guise of authority and legitimacy afforded to them by the position of law enforcement.

2.  This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3.  The Court has supplemental jurisdiction to hear pendant state claims under 28 U.S.C § 1367.

4.  Venue in this district is proper under 28 U.S.C. §1391(b). All events occurred within the Northern District of Illinois and all parties reside or have offices within the Northern District of Illinois.

## PARTIES

5. The Plaintiffs, JEFFERY T. REGNIER ("REGNIER") and GRETA KERANEN ("KERANEN") are an unmarried couple, residing together in the state of Illinois, within the Northern District of Illinois, and in Will County.

6. REGNIER owns KEE FIREMARMS AND TRAINING LLC ("KEE FIREARMS") a business which operates in the sale of firearms, located in and doing business in Illinois.

7. KERANEN owns KEE CONSTRUCTION LLC ("KEE CONSTRUCTION"), a construction company that is located in and does business in Illinois.

8. Defendant, CAYLA COLEMAN ("COLEMAN") is an agent of the United States Secret Service ("USSS"), and performed investigatory work related to this matter.

9. Defendant WILL COUNTY SHERIFF ("WCS") is the agency that acts as the Sheriff of Will County and also performed investigatory work related to this matter and are current holders of the seized assets in this matter.

10. Defendants 2022 FORD BRONCO VIN:FMEE5DP6NLB01573 ("2022 BRONCO"), 2021 FORD BRONCO VIN:FMEDE5BH8MLB06084 ("2021 BRONCO"), 2021 AUDI RS Q8 VIN: WU1ARBF15MD022969 ("AUDI"), and 2022 FORD F250 VIN:1FT7W2BT4NEF77351 ("F-250"), (Collectively "VEHICLES") are vehicles that are owned by REGNIER and/or KERANEN that were seized pursuant to a warrant obtained as a result of an investigation and warrant application prepared by Defendants USSS, COLEMAN, and WCS.

11. UNITED STATES CURRENCY $1,257 ("CASH"), FIDELITY INVESTMENT ACCOUNT ENDING IN 099245 AND/OR UNITED STATES CURRENCY DERIVED THEREOF ("FIDELITY 1"), FIDELITY INVESTMENT ACCOUNT ENDING IN 076532 AND/OR UNITED STATES CURRENCY DERIVED THEREOF ("FIDELITY

2"), FIDELITY INVESTMENT ACCOUNT ENDING IN 074010 AND/OR UNITED STATES CURRENCY DERIVED THEREOF ("FIDELITY 3"), (Collectively "FIDELITY ACCOUNTS") are Fidelity Trading and Investing accounts that were owned by REGNIER and/or KERANEN and/or KEE FIREARMS, and/or KEE CONSTRUCTION.

12. The FIDELITY ACCOUNTS likely no longer exist and are now reduced to cash in the amount of approximately $4.5 million dollars.

13. UNKNOWN JOHN AND JANE DOE AGENTS OF UNITED STATES SECRET SERVICE are agents of USSS that worked on the warrant application and investigation related to this matter that have not yet been identified.

14. UNKNOWN JOHN AND JANE DOE AGENTS OF WILL COUNTY SHERIFF are agents of WCS that worked on the warrant application and investigation related to this matter that have not yet been identified.

## **THE POLICY OR CONSPIRACY**

15. That for decades, Will County States Attorneys ("WCSAO") (an unnamed defendant due to absolute immunity provided by law)[1] in conjunction with USSS, and WCS, have been bringing knowingly frivolous civil forfeiture claims targeting citizens of Will County to line the pockets of the Will County State's attorney and other Illinois government agencies.

16. Under Illinois law, 65% of forfeiture proceeds go to the arresting agency either WCS or USSS, 12.5% to the states attorney, 12.5% to the State Appellate Prosecutor, and 10% to

---

[1] WCSAO is not named currently because Plaintiffs do not presently have any facts that WCSAO engaged in any acts that are not judicial in nature which would reduce their immunity from absolute to qualified. Plaintiffs reserve the right to amend the complaint should they become aware of any such facts.

the Illinois State Police. See 725 ILCS 150/13.2, 720 ILCS 5/36-7, and 720 ILCS 29B-26.

17. That USSS and WCS and WCSAO, working together, have created a defacto policy to over-zealously pursue forfeiture opportunities regardless of their legal right to do so or the legal merit of their complaints in violation of the constitutional rights of the individuals whose assets they seek to forfeit.

18. That the ongoing nature, quantity, and egregious quality of the constitutional violations in civil forfeiture actions brought against unsuspecting citizens in Will County and throughout the state of Illinois indicates the existence of either a widespread conspiracy, understanding, or policy or otherwise, that results in the overzealous and unconstitutional prosecution of forfeiture cases by USSS, WCS, and WCSAO.

19. That such conduct is still ongoing, pervasive, and rampant.

## THE AFFIDAVIT AND ISSUANCE OF A WARRANT

20. On or about February 24, 2023, COLEMAN, acting in her capacity as an agent of USSS compiled the results of a joint investigation performed between USSS and WCS, drafted and tendered to the Court with the assistance of other USSS and WCS agents, a knowingly false affidavit in hopes of achieving a search warrant against certain property belonging to Plaintiffs REGNIER and KERANEN, and their businesses KEE FIREARMS and KEE CONSTRUCTION in this case, case number 2023MX001164.

21. The affidavit drafted by COLEMAN named THE VEHICLES and FIDELITY ACCOUNTS as accounts related to allegedly unlawful activity.

22. That COLEMAN drafted the affidavit knowing it contained materially false and/or misleading and/or overreaching statements in order to achieve probable cause in violation of the Plaintiffs' fourth and fourteenth amendment rights.

23. The affidavit further overreaches and intentionally violates the Plaintiffs' eighth amendment rights by taking THE VEHICLES and FIDELITY ACCOUNTS which were valued in excess of $5.5 Million dollars, when probable cause could not reasonably apply to more than $274,000 based on the contents of the affidavit.

24. That the affidavit requested the seizure of 5.5 Million dollars, an overwhelming amount of money, when the affiant, COLEMAN, knew probable cause could not possibly apply for more than $274,000.

25. That the affidavit resulted in the issuance of a warrant for all assets including VEHICLES and FIDELITY ACCOUNTS.

26. That the warrant resulted in the VEHICLES and FIDELITY ACCOUNTS being seized.

27. That WCSAO, USSS, WCS, and COLEMAN, knew that there was no good faith basis for the complaint and acted maliciously and with indifference to the truth when bringing the affidavit and the civil forfeiture case.

28. That Defendants brought the forfeiture case to illegally secure funds from Plaintiffs for the benefit of WCS, USSS, and WCSAO and other government organizations, agencies, funds, or otherwise in Will County, Illinois.

29. That WCS is now holding the assets including VEHICLES and funds from FIDELITY ACCOUNTS and is doing so without probable cause or legal justification.

30. A vast majority of these seized funds from the fidelity accounts were stocks, which as a result of the warrant were sold upon seizure.

31. The sale of the stocks resulted in a loss of approximately 1 million dollars to Plaintiffs.

32. That the stocks were sold on or about February 24, 2023.

33. Since such time stock assets have substantially appreciated resulting in further losses to Plaintiffs.

34. A forfeiture complaint has been filed against the Plaintiffs in Will County.

## SPECIFIC ALLEGATIONS OF THE AFFIDAVIT AND COMPLAINT

35. Specifically, the civil forfeiture complaint and affidavit alleges the following materially false and/or misleading and/or overreaching statements.

36. That there was an investigation into money laundering due to "several large cash deposits" which "appeared to have no apparent economic, business, or lawful purpose."

37. Such statement is false or misleading as it is based on pure guesses or speculation. The affidavit provides no facts relating to an unlawful source of income.

38. In the forfeiture complaint, Defendants outline dozens of transactions totaling several millions of dollars that pertain to alleged money laundering activity.

39. Despite listing such a large amount of transactions, the forfeiture complaint does not identify any alleged illegal source of these funds outside of three alleged PPP loans and unemployment benefits totaling approximately $274,000.

40. The remainder of the allegations in the complaint pertaining to money laundering contain conclusory and unsubstantiated allegations.

41. Such allegations specifically include but are not limited to "The investigation covered banking activities of Jeffery Regnier and Greta Keranen from 12/18/2020 to 01/03/2022, in which Old Plank Trail documented $2,638,707.00 of cash deposits and ACH debits, which appeared to have no apparent economic, business, or lawful purpose."

42. Again, no explanation is given as to what unlawful purpose these funds are secured from. There is no allegation that there have been illegal drug proceeds or otherwise.

43. The only real allegation is that these deposits are suspicious because they are large.

44. No explanation of any kind is given that these funds are from anywhere other than the business KEE CONSTRUCTION and KEE FIREARMS.

45. Another allegation in the civil forfeiture complaint is "Despite this being the operating account of a construction company, there were numerous payments to vendors related to the firearms business."

46. The fact that Plaintiffs made payments to firearms vendors is hardly suspicious considering they own a firearm business and cannot amount to probable cause.

47. Another allegation is that an attorney was paid $159,141.91 from the Plaintiffs' accounts over the course of a series of payments during an unspecified period of time.

48. Nothing is stated about why the Plaintiffs needed an attorney, and there is certainly nothing suspicious about two businesses paying an attorney for services, absent additional information.

49. After listing approximately two pages of deposits totaling millions of dollars, the complaint concludes that "The above activity contains structured cash transactions which amount to money laundering."

50. It is not explained what it is about these transactions makes these transactions money laundering.

51. An overwhelming majority (95% or more) of the money deposited or transferred in these two pages was not even cash and could not even be "structuring." Structuring refers to making CASH deposits under $10,000 as to avoid reporting.

52. Furthermore, the complaint identifies cash deposits exceeding $10,000 which common sense would dictate would defeat the purpose of structuring, specifically including a cash deposit in excess of $730,000, which would be the exact opposite of structuring.

53. Furthermore, cash deposits under $10,000 would not be uncommon in a firearm business which would have customers perform cash transactions.

54. Furthermore, the affidavit acknowledges that Regnier was making statements to the news that following the election in 2020, gun sales were up dramatically, which would account for large deposits.

55. Indeed the affidavit itself states that were 3788 firearm sales recorded over the past 12 months.

56. As to the FIDELITY ACCOUNTS, multiple pages of the affidavit are spent listing transfers between the accounts of the Plaintiffs, but nothing in the affidavit acknowledges what about these transfers is derived from criminal proceeds, or what specifically about these transfers is illegal or even suspicious.

57. The affidavit further acknowledges that ATF agents performed an investugation on KEE FIREARMS and out of 4375 firearms in inventory a mere 28 resulted in improper background checks and one was missing. If this were in fact the source of millions of dollars in illegal income, it would need to be a substantially greater number of firearms than 28. 1 Missing firearms is more likely explained by a vendor sending a shipment to KEE FIREARMS that was short a single firearm, rather than the cause of millions of dollars of illegal income.

58. The affidavit sets forth allegations, regarding loans totaling $274,000 which would amount to probable cause.

59. Plaintiff makes no admission regarding the allegations pertaining to $274,000. However, even assuming COLEMAN, and the WCSAO, WCS, and USSS are correct that the approximately $274,000 in loans are illegally gotten, it does not account for the improper seizure of 5.5 million dollars and then selling the stocks for a loss of a million dollars.

60. That there is no good faith basis for the seizure of the remainder of the funds and such conduct is an intentional and illegal abuse of the powers of the powers of the USSS, WCS, and WCSAO in violation of the constitution.

61. The affidavit further alleges a number of possible accounting discrepancies. However, none of these discrepancies allege any source of criminally obtained proceeds. The most that can be inferred from these allegations is tax fraud, not that Plaintiffs are criminally obtaining funds. The appropriate remedy would be a tax audit, not to falsely allege that funds are criminally obtained.

62. That after being seized, the stocks were sold wrongfully and without any basis.

63. Such stocks would have appreciated in value. Specifically, U.S. stock markets have appreciated significantly since February of 2023.

64. Plaintiffs have been denied the value of the growth of the stocks.

### COUNT I: 42 U.S.C. § 1983

*Against All Defendants*

65. Plaintiff hereby repleads and realleges all preceding paragraphs as though fully set forth herein.

66. That by investigating and producing a bad faith, false, fraudulent, and frivolous affidavit that resulted in the forfeiture of prosecuting the Plaintiffs without probable cause and

without good faith in violation of their constitutional rights the Defendants have violated 42 U.S.C 1983.

67. That WCS is holding the funds without legal cause or justification.

WHEREFORE Plaintiff respectfully prays that this Honorable Court enter judgment in Plaintiff's favor and against Defendants and provide the following relief:

A. Monetary damages in an amount to be determined by the Court to compensate for the defendant's actions including but not limited to those incurred for the seizure of the 5.5 million, the lost profits, capital gains, dividends, and other appreciation of the stocks and other assets.

B. Attorney's fees pursuant to 42 U.S.C. 1983 and 1988.

C. Any other relief the Court deems fair and equitable or permissible by law.

### COUNT III: Indemnification

*Against WCS*

68. Plaintiff hereby repleads and realleges all previous paragraphs of this complaint as though they have been fully set forth and stated herein.

69. Under Illinois law (745 ILCS 10/9-102) a public entity is financially responsible for the actions of its employees carried out within the scope of their employment.

70. That WCS is responsible for the actions of any JOHN and JANE DOES that acted under this investigation and in the illegal possession of Plaintiffs assets.

WHEREFORE Plaintiff respectfully prays that this Honorable Court enter judgment in Plaintiff's favor and against Defendant and provide the following relief:

A. Monetary damages in an amount to be determined by the Court to compensate for the defendant's actions including but not limited to those incurred for the seizure of the 5.5 million, the lost profits, capital gains, dividends, and other appreciation of the stocks and other assets.

B. Attorney's fees pursuant to 42 U.S.C. 1983 and 1988.

C. Any other relief the Court deems fair and equitable or permissible by law.

## COUNT IV: NEGLIGENCE

### (pled in the alternative)

*Against All Defendants*

71. Plaintiff hereby repleads and realleges all previous paragraphs of this complaint as though they have been fully set forth and stated herein.

72. That due to their positions as agencies of law enforcement, and as officers and agents of USSS and WCS, Defendants are sworn to uphold the laws.

73. That among their duties are to enforce laws legitimately and in good faith.

74. That the Defendants failed to uphold or perform their duties by failing to properly investigate their claims in the affidavit and complaint.

WHEREFORE Plaintiff respectfully prays that this Honorable Court enter judgment in Plaintiff's favor and against Defendant and provide the following relief:

A. Monetary damages in an amount to be determined by the Court to compensate for the defendant's actions including but not limited to those incurred for the seizure of the 5.5 million, the lost profits, capital gains, dividends, and other appreciation of the stocks and other assets.

B. Any other relief the Court deems fair and equitable.

## COUNT V: GROSS NEGLIGENCE/RECKLESSNESS

### (pled in the alternative)

*Against All Defendants*

75. Plaintiff hereby repleads and realleges all previous paragraphs of this complaint as though they have been fully set forth and stated herein.

76. That due to their positions as agencies of law enforcement, and as officers and agents of USSS and WCS, Defendants are sworn to uphold the laws.

77. That among their duties are to enforce laws legitimately and in good faith.

78. That the Defendants failed to uphold or perform their duties by failing to properly investigate their claims in the affidavit and complaint and ignoring the falsity of their claims in reckless disregard for the truth.

WHEREFORE Plaintiff respectfully prays that this Honorable Court enter judgment in Plaintiff's favor and against Defendant and provide the following relief:

A. Monetary damages in an amount to be determined by the Court to compensate for the defendant's actions including but not limited to those incurred for the seizure of the 5.5 million, the lost profits, capital gains, dividends, and other appreciation of the stocks and other assets.

B. Any other relief the Court deems fair and equitable.

Respectfully Submitted,

/s *Alexander Michael*
_____
Alexander Michael
Attorney for Plaintiff

Ettinger and Associates
12413 S Harlem
Suite 203
Palos Heights, IL 60463
708-923-0368

/s **Michael D. Ettinger**

_____

Michael Ettinger
Attorney for Plaintiff
Ettinger and Associates
12413 S Harlem
Suite 203
Palos Heights, IL 60463
708-923-0368

## JURY DEMAND

Plaintiff hereby demands a jury trial on all counts that he is entitled to one by law.

Respectfully Submitted,

/s **Alexander Michael**

_____

Alexander Michael
Attorney for Plaintiff
Ettinger and Associates
12413 S Harlem
Suite 203
Palos Heights, IL 60463
708-923-0368